**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**ALVIN KING**

   **Plaintiff,**

**v.**             **CIVIL ACTION NO.:** **3:25CV502**

**MCKESSON MEDICAL-SURGICAL INC.**

   **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff. Alvin King, by counsel, and for his Complaint against Defendant McKesson Medical-Surgical Inc. ("Defendant") hereby states as follows:

### NATURE OF THE CLAIMS

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to include bonuses and/or other remuneration earned by Plaintiff and other similarly situated employees in their regular rate of pay for purposes of calculating their overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has personal jurisdiction over Defendant as its principal place of business is located in Virginia.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its

1

principal office in this District and Division and Defendant conducts business throughout this District.

**PARTIES**

5.    At all times relevant herein, Plaintiff was a resident of Los Angeles County, California.

6.    At all times relevant herein, Plaintiff was an employee of Defendant as set forth within 29 U.S.C. § 203(e).

7.    At all times relevant herein, Defendant was a stock corporation, authorized to transact business in the State of Virgina with its principal place of business at 9954 Mayland Dr Ste 4000, Henrico County, VA, 23233.

8.    At all times relevant herein, Defendant was an employer of Plaintiff as set forth within 29 U.S.C. § 203(d).

9.    At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10.    At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) and has enjoyed a yearly gross revenue in excess of $500,000.

11.    At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12.    Plaintiff's written consent to this action is attached hereto as Exhibit 1.

13.    Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

2

## FACTS COMMON TO ALL COUNTS

14.     Defendant is a medical distributor of medical supplies, medical equipment, and other clinical resources.

15.     Defendant employed Plaintiff between August 2018 and May 2024 as bulk delivery truck driver.

16.     Defendant employed other similarly situated employees as bulk delivery truck drivers, truck drivers, and/or delivery professionals.

17.     Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

18.     Defendant paid Plaintiff and other similarly situated employees on an hourly basis.

19.     Defendant paid Plaintiff and other similarly situated employees bonuses, incentives, and/or other remuneration.

20.     Plaintiff and other similarly situated employees frequently worked in excess of 40 hours in a week.

21.     Plaintiff regularly worked more than 40 hours in a work week and frequently worked between 50 to 60 hours per week.

**Failure to Include Bonuses, Incentives, and Other Remuneration in Calculating Overtime**

22.     Defendant paid Plaintiff and other similarly situated employees bonuses, incentives, and/or other remuneration including bonuses/shift differentials for meeting safety and other established metrics.

23.     The bonuses, incentives, and/or other remuneration that Defendant paid to Plaintiff and other similarly situated employees were non-discretionary.

3

24.    The bonuses, incentives, and/or other remuneration that Defendant paid to Plaintiff and other similarly situated employees are not excludable from their regular rate of pay.

25.    Defendant was/is required to include the bonuses, incentives and/or other remuneration for meeting safety and other established metrics in Plaintiff and other similarly situated employees' regular rate of pay for purposes of calculating overtime compensation.

26.    Defendant failed to include the bonuses, incentives, and/or other remuneration paid to Plaintiff and other similarly situated employees in the regular rate of pay for purposes of calculating their overtime compensation.

27.    As a result of Defendant's failure to include the bonuses, incentives, and/or other remuneration in the calculation of overtime compensation, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

**Defendant Willfully Violated the FLSA**

28.    Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

29.    Defendant knew and otherwise showed reckless disregard as to whether its conduct was prohibited by the FLSA.

30.    Defendant did not make and has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law has carried out its illegal pattern and practice of failing to include nondiscretionary bonuses, incentives, and/or other remunerations paid to its employees, in the regular rate of pay for purposes of calculating their overtime compensation.   Defendant's method of paying Plaintiff was not based on a good faith and reasonable belief that its conduct complied with the law.

4

**COLLECTIVE ACTION ALLEGATIONS**

31.     Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

32.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current bulk delivery truck drivers, truck drivers, and/or delivery professionals employed by McKesson Medical-Surgical Inc. at one or more of its locations who received bonuses, incentives, and/or other remuneration and worked 40 or more hours in a work week at any time between three (3) years prior to the filing of this suit and the present.

33.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

34.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

35.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.   These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating

5

their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Violations of the FLSA)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Defendant's practice and policy of failing to include bonuses, incentives, and/or other remuneration earned by Plaintiff and other similarly situated employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. §§ 778.208-209, and 29 C.F.R. § 548.502.

38.     Defendant's actions and/or omissions were not in good faith.

39.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

40.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action;

B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

6

C.      Award Plaintiff and the class he represents actual damages for unpaid wages, including bonuses, incentives, and/or other remuneration;

D.      Award Plaintiff and the class he represents statutory liquidated damages;

E.      Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

**ALVIN KING**

By:_____/s_____
                Counsel

Gregory William Klein, Esquire
Virginia State Bar No. 73110
Attorney for David Nelson
KLEIN, ROWELL & SHALL, PLLC
1294 Diamond Springs Road
Virginia Beach, VA 23455
Phone: 757-432-2500
Fax:    757-432-2100
greg@krslaw.com

Lori M. Griffin (OH 0085241)
(Will File for Pro Hac Vice)
Matthew S. Grimsley (OH 0092942)

(Will File for Pro Hac Vice)
The Lazzaro Law Firm, LLC
34555 Chagrin Boulevard, Ste. 250
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com

8